UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE LAGREER ALLEN,

    Petitioner,    Case No. 1:06-cv-241

v    HON. JANET T. NEFF

CINDI S. CURTIN,

    Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Pending before the Court pursuant to FED. R. CIV. P. 72(a) and W.D. Mich. LCivR 72.3(a) is petitioner's appeal of the magistrate judge's April 7, 2009 order denying petitioner's motion to hold his petition in abeyance (Dkt 33). Petitioner requested the stay "so that he may file a Motion for Relief from Judgment pursuant to MICH. CT. R. 6.500 in order to properly exhaust his Fourth claim and to satisfy the requirements of 28 U.S.C. § 2254(b)." As discussed herein, the appeal is denied.

    I.    BACKGROUND

In 2003, a state-court jury convicted petitioner of second-degree murder, assault with intent to commit murder, and felon in possession of a firearm. The state court of appeals affirmed his convictions and sentences, *People v. Allen,* No. 252379 (Mich. Ct. App. Mar. 25, 2005), and the state supreme court denied his application for leave to appeal, *People v. Allen,* No. 128473 (Mich. Dec. 5, 2005). His convictions became final on March 5, 2006, when his 90-day window for filing

a petition for a writ of certiorari expired. *See Jimenez v. Quarterman,* ___ U.S. ___; 129 S.Ct. 681, 685 (2009); SUP. CT. R. 13(1). Under the one-year statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), petitioner had one year from March 5, 2006 to file a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A) (one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").

On April 11, 2006, petitioner filed his *pro se* petition for writ of habeas corpus (Dkt 1). The statute of limitations was not tolled during the pendency of his federal petition. *See Duncan v. Walker,* 533 U.S. 167, 181-82 (2001). Petitioner amended his petition on June 13, 2006 in order to comply with the magistrate judge's order to utilize the habeas petition form provided by this Court (Dkt 4). Petitioner's amended petition seeks habeas relief on the same three grounds presented to the state court of appeals, which are the following:

> I. Petitioner was denied his federal and state constitutional rights to due process in violation of U.S. Const. V, XIV Am; Mich Const 1963, Art 1 sec 17, when the prosecutor failed to present sufficient evidence of murder.
>
> II. Petitioner was denied his federal and state constitutional rights to due process of law in violation of the US Const XIV Am; Mich Const 1963, Art 1 sec 17, when there was insufficient evidence to support the convictions of assault with intent to murder and the trial court failed to instruct on AIM [sic] with respect to victim Athena Sanderling.
>
> III. Petitioner was denied his federal and state constitutional rights to a fair trial before an impartial judge by an impartial jury [sic] in violation of the US Const VI, XIV Mich Const 1963, Art 1, sec 17, 20.

On January 22, 2009, after the limitations period expired, petitioner filed a Motion to Hold Habeas Petition in Abeyance (Dkt 29). He requested the stay "so that he may file a Motion for Relief from Judgment pursuant to MICH. CT. R. 6.500 in order to properly exhaust his Fourth claim

2

and to satisfy the requirements of 28 U.S.C. § 2254(b)" (*id.*).

The Fourth claim that petitioner seeks to raise is a claim of ineffective assistance of trial counsel. Specifically, petitioner alleges that he was denied the effective assistance of counsel at trial by his attorney's (1) lack of preparation, (2) refusal to investigate and call key witnesses for the defense, and (3) failure to object to the trial court's cross-examination of petitioner (Dkt 29 at 3). According to petitioner, his court-appointed appellate counsel decided not to pursue the issue on appeal, despite petitioner's request to the contrary (*id.*). Petitioner has not filed a motion to amend his habeas petition, although his characterization of the ineffective-assistance-of-counsel claim as his "Fourth" claim indicates his apparent intention to seek leave to amend his petition to add this ground for habeas relief to the other three grounds should his post-judgment motion in state court prove unsuccessful.

On April 7, 2009, the magistrate judge denied petitioner's motion to hold the habeas petition in abeyance (Dkt 32). The magistrate judge held that petitioner could not utilize the stay-and-abeyance procedure to supplement a pending habeas petition with a new claim. Pursuant to FED. R. CIV. P. 72(a) and W.D. Mich. LCivR 72.3(a), petitioner filed this appeal of the magistrate judge's April 7, 2009 order (Dkt 33).[1]

II. DISCUSSION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel,* 526 U.S.

---

[1] Petitioner's objection to the magistrate judge's order denying an abeyance also contains references to an order denying the appointment of counsel. There is no request or denial of a request for an appointment of counsel in this record, and this Court has not addressed these apparently misplaced references in petitioner's objection.

838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan, supra.* "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845.

Indeed, the United States Supreme Court has held that a federal district court may not adjudicate a "mixed" petition for habeas corpus, that is, a petition containing both exhausted and unexhausted claims. *Rose v. Lundy,* 455 U.S. 509, 518-19 (1982). Relying on the interests of comity and federalism, the *Lundy* Court imposed a requirement of "total exhaustion" and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to present the unexhausted claims to that court in the first instance. *Id.* at 522. When the Supreme Court decided *Lundy,* there was no statute of limitations on the filing of federal habeas corpus petitions.

In *Palmer v. Carlton,* 276 F.3d 777 (6th Cir. 2002), which was decided after the enactment of the AEDPA in 1996, the Sixth Circuit Court of Appeals addressed "the class of petitioners whose timely filed habeas petitions remain pending in district court past the limitations period, only to be dismissed after the court belatedly realizes that one or more claims have not been exhausted." *Id.* at 780 (quoting *Duncan,* 533 U.S. at 184 (Stevens, J., concurring)). Palmer had timely filed his initial habeas petition, but the AEDPA one-year limitations period expired on the day that he filed it. *Id.* Hence, when Palmer's petition was dismissed without prejudice to allow exhaustion of a ground for relief in state court, his refiling of the petition was untimely. *Id.* On appeal, the Sixth Circuit approved in theory the approach followed by the Second Circuit Court of Appeals, which

was to dismiss only the unexhausted claims in the habeas petition and stay further proceedings on the remaining portion until the petitioner has exhausted the remedies available in state court; however, the Sixth Circuit declined to apply the approach to the facts before it, which included Palmer's unexplained delay in refiling his petition. *Id.* at 781-82.

In *Rhines v. Weber,* 544 U.S. 269, 273 (2005), the United States Supreme Court granted certiorari to resolve the split among the circuits regarding the propriety of the "stay-and-abeyance" procedure. The Supreme Court stated that it wished to "confront [] the problem of a 'mixed' petition for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not." The specific issue the Court considered was "whether a federal district court has discretion to stay the mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." *Id.* at 271-72.

The Supreme Court observed that as a result of the interplay between the AEDPA's one-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines,* 544 U.S. at 275. "If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review." *Id.*

The Supreme Court held that the discretionary authority of district courts to issue stays is circumscribed by the objectives of the AEDPA, which are to encourage the finality of criminal convictions and streamline federal habeas proceedings. *Rhines,* 544 U.S. at 276-77. The Supreme Court approved the stay-and-abeyance procedure adopted by some federal circuit courts, including

the Sixth Circuit, agreeing that federal district courts have discretion "in limited circumstances" to hold in abeyance, rather than dismiss, a mixed petition.

Specifically, the Supreme Court held that stay and abeyance is appropriate when (1) the petitioner had "good cause" for failing to exhaust the claim first in state court, (2) the unexhausted claim is not "plainly meritless," and (3) there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Rhines,* 544 U.S. at 277-78. The Supreme Court held that the stay-and-abeyance procedure is appropriate only in these limited circumstances because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts. *Id.* at 277. Further, the Supreme Court noted that, even if abeyance is granted, "district courts should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278.

In his objection to the magistrate judge's order in this case, petitioner argues that he is in "exactly the situation" as the petitioner in *Palmer* and that the magistrate judge therefore erred in denying his motion to hold his habeas petition in abeyance for him to exhaust his new ineffective-assistance-of-counsel claim in state court. This Court reviews a magistrate judge's order to determine whether "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Petitioner did not file a "mixed petition." He has also not yet moved to amend his petition to include his proposed claim. Last, even assuming petitioner has filed a post-judgment motion in state court presenting his new claim, the Sixth Circuit has held that simply having an independent proceeding pending in state court does not render a federal habeas petition a "mixed" petition. *Bowling v. Haeberline,* 246 Fed. Appx. 303, 306 (6th Cir. 2007); *Jones v. Parke,* 734 F.2d 1142, 1145 (6th Cir. 1984). In short, petitioner is not within the defined class of petitioners for whom the

6

stay-and-abeyance procedure was adopted to protect. The magistrate judge therefore committed no clear error in concluding that the stay-and-abeyance procedure is unavailable to petitioner in his pursuit of a new, unexhausted claim, a conclusion that this Court notes has found support among the district courts in this circuit.[2]

### III. CONCLUSION

The magistrate judge properly denied petitioner's motion to hold his petition in abeyance, and the appeal is therefore denied. An Order consistent with this Opinion will be entered.

Date: June 9, 2009                           /s/ Janet T. Neff
                                             JANET T. NEFF
                                             United States District Judge

---

[2] In *Stedman v. Hurley,* No. 1:05-cv-2051, 2006 WL 2864319, *1 (N.D. Ohio Oct. 4, 2006), which is a case upon which the magistrate judge here relied, the district court held that the "Petitioner's unexhausted claim of actual innocence pending in state court is not included in his Petition and, therefore, the Petition is not a 'mixed petition' which permits a court to stay exhausted claims while unexhausted claims are resolved." Similarly, in *Moore v. Wilson,* 2008 WL 2556669, *2 (N.D. Ohio June 20, 2008), the district court held that the "Petitioner does not claim that he returns to state court to exhaust a claim currently before this Court. . . . Therefore, this case does not trigger the *Rhines* reasoning to stay the case to permit state exhaustion of unexhausted habeas claims in a mixed petition context." At least two other magistrate judges in this circuit have also reached the same conclusion as these courts and the magistrate judge here. *See Lee v. Wilson* , No. 1:04-cv-2169, 2008 WL 1775523 (N.D. Ohio April 16, 2008); *Razo v. Bradshaw,* No. 1:05-cv-1106, 2006 WL 1805896 (N.D. Ohio June 29, 2006).

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE LAGREER ALLEN,

    Petitioner,                                       Case No. 1:06-cv-241

v                                                  HON. JANET T. NEFF

CINDI S. CURTIN,

    Respondent.
_____/

## **ORDER**

Consistent with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Appeal to District Judge (Dkt 33) is DENIED, and the Magistrate Judge's April 7, 2009 order denying petitioner's motion to hold his petition in abeyance is AFFIRMED for the reasons stated in the Court's Opinion.

Date: June 9, 2009                                            /s/ Janet T. Neff
                                                                JANET T. NEFF
                                                                 United States District Judge