UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE LAGREER ALLEN,

      Petitioner,                                Case No. 1:06-cv-241

v                                                   HON. JANET T. NEFF

CINDI S. CURTIN,

      Respondent.

_____/

**OPINION**

This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation recommending that this Court deny the petition for the following reasons: (1) Petitioner procedurally defaulted his claim for denial of the right to a fair trial before an impartial judge by an impartial jury; (2) Petitioner's claims for improper jury instructions, for an inconsistent verdict, and for improper denial of a motion for a directed verdict are not cognizable on federal habeas review; and (3) the decisions of the Michigan courts on Petitioner's sufficiency-of-the-evidence claims were not contrary to, nor unreasonable applications of, clearly established federal law as determined by the Supreme Court, nor were the decisions based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). The matter is presently before the Court on Petitioner's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and

1

Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order").

Petitioner first "reasserts that the prosecution failed to present sufficient evidence of murder and that his conviction is a violation of due process" (Dkt 37 at 2). Although Petitioner demonstrates his disagreement with the Magistrate Judge's conclusions regarding these issues, he fails to provide any argument for his position. As a mere conclusory disagreement with the Magistrate Judge's opinion, Petitioner's objection is without merit. It is therefore denied.

Petitioner also objects to the Magistrate Judge's finding that he procedurally defaulted his claim for denial of his right to a fair trial before an impartial judge by an impartial jury (Dkt 37 at 2-10). Petitioner argues that it was unnecessary for him to object to the trial judge's alleged impartiality at trial. Petitioner's argument is based on application of state law; therefore, it does not provide a basis for federal habeas relief. *See Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("[a] federal court may not issue a writ on the basis of a perceived error of state law"). Moreover, the Magistrate Judge, after a thorough review of the state-court record, properly applied the procedural default standards and concluded that Petitioner procedurally defaulted his claim. Petitioner's objection is therefore denied.

Petitioner concludes that the cumulative effect of errors at the trial court level denied him his constitutional right to a fair trial (Dkt 37 at 11). Even assuming that Petitioner previously made this assertion, his argument is without merit. Under the Antiterrorism and Effective Death Penalty Act of 1996, a court may only grant habeas relief based on a misapplication of Supreme Court law. 28 U.S.C. § 2254(d); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). The Sixth Circuit Court

of Appeals has repeatedly stated that cumulative error claims are not cognizable on habeas review. "The Supreme Court has not held that constitutional claims that would not individually support habeas relief may be cumulated in order to support relief." *Scott v. Elo*, 302 F.3d 598, 607 (6th Cir. 2002); *see also Keith v. Mitchell*, 455 F.3d 662, 679 (6th Cir. 2006); *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006); *Baze v. Parker*, 371 F.3d 310, 330 (6th Cir. 2004); *Millender v. Adams*, 376 F.3d 520, 529 (6th Cir. 2004); *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). Therefore, Petitioner's objection is without merit.

Having determined that Plaintiff's objections do not demonstrate error by the Magistrate Judge, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability (COA) as to the issues raised. The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack,* 529 U.S. at 484. For the reasons previously stated in the Magistrate Judge's Opinion and in this Opinion regarding each of Petitioner's objections, the Court finds that reasonable jurists would not find the Court's procedural rulings debatable.

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  For the reasons previously stated in the Magistrate Judge's Opinion and in this Opinion regarding each of Petitioner's objections, the Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied.

A Final Order will be entered consistent with this Opinion.


Date: December 4, 2009                                    /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge


4